THE UNITED STATES DISTRICT COURT

THE DISTRICT OF UTAH

| | |
|---|---|
| MARISSA ROOT,<br><br>　　　　Plaintiff,<br><br>v.<br><br>UNIVERSITY OF UTAH, UTAH VALLEY UNIVERSITY, AND UTAH SYSTEM OF HIGHER EDUCATION,<br><br>　　　　Defendants. | **ORDER GRANTING [29] DEFENDANT UTAH SYSTEM OF HIGHER EDUCATION'S MOTION TO DISMISS AMENDED COMPLAINT**<br><br>Case No. 2:21-cv-00744-DBB<br><br>District Judge David Barlow<br><br>Magistrate Judge Daphne Oberg |

　　　　Before the court is Defendant Utah State System of Higher Education's (USHE) Motion to Dismiss Amended Complaint (Motion).[1] Having reviewed the briefing and case law, the court concludes the Motion may be resolved without oral argument.[2] For the reasons stated herein, the Motion is GRANTED.

### BACKGROUND

　　　　In September 2019, Plaintiff was a student at Utah Valley University (UVU).[3] While attending a party, Plaintiff was sexually assaulted by a football player for the University of Utah

---

[1] ECF No. 29, filed April 11, 2022.
[2] *See* DUCivR 7-1(g).
[3] Amended Complaint at ¶¶ 87, 91, ECF No. 23, filed March 21, 2022. At the motion to dismiss stage, the court accepts all well-pleaded facts in the complaint as true. *See XMission, L.C. v. Fluent LLC*, 955 F.3d 833, 836 (10th Cir. 2020).

(the U of U).[4] After the assault, Plaintiff went to the hospital and completed a rape kit.[5] Hospital staff instructed Plaintiff to report the incident to UVU's Title IX Office.[6] Shortly after the assault, Plaintiff reported the sexual assault to Christopher Forbush and Jerrica James at UVU's Title IX Office.[7] They informed Plaintiff they could not help her because the assailant was not a student at UVU and did not live on the UVU campus.[8] They told Plaintiff to report the incident to the U of U's Title IX Office.[9]

On October 3, 2019, Plaintiff met with Erica Wood at the U of U's Title IX Office and reported the sexual assault.[10] Ms. Wood told Plaintiff that the U of U's obligations were to the football player, and since the incident did not occur on campus, the U of U was "limited in the things it could do about the situation."[11] Plaintiff asked Ms. Wood whether the police would be involved in the investigation, to which Ms. Wood responded no, but "sometimes the U of U's Campus Police were involved."[12] Ms. Wood indicated that Plaintiff could seek resources from UVU and/or the Rape Recovery Center.[13]

On December 2, 2019, Plaintiff reported the sexual assault to the Unified Police Department.[14] On February 6, 2020, Ms. Wood sent Plaintiff an email after another U of U

---

[4] Amended Complaint at ¶ 93.
[5] *Id.* at ¶ 94.
[6] *Id.* at ¶ 95.
[7] *Id.* at ¶ 96.
[8] *Id.* at ¶ 97.
[9] *Id.* at ¶ 98.
[10] *Id.* at ¶¶ 102–03.
[11] *Id.* at ¶ 105.
[12] *Id.* at ¶ 113.
[13] *Id.* at ¶¶ 112, 119.
[14] *Id.* at ¶ 120.

football player had been accused of sexual assault.[15] Plaintiff provided Ms. Wood with the Unified Police Department detective's contact information and asked the detective to share all of her information with Ms. Wood.[16]

USHE is comprised of sixteen colleges, universities, and technical colleges, including UVU and the U of U.[17] The Utah Board of Higher Education (Board) is a governmental entity that governs USHE.[18] There are five main paragraphs in the Amended Complaint that refer to USHE's knowledge of Plaintiff's assault:

- "The Board, given its authority over, coordination amongst, and collection of data from member institutions and their Title IX offices, had notice of Plaintiff's assault."[19]

- "Upon information and belief, and pursuant to its statutory access to such information under 53B-28-402(2)(a) and (3) and Plaintiff's written consent to the same, USHE was made aware of Plaintiff's particular assault allegations as part of this larger investigation into sexual assault by U of U athletes in February of 2020."[20]

- "Further, USHE had actual knowledge of a certain and obvious risk of sexual assault across its member schools given the regular data on sexual assault it receives, and the multiple federal investigations into member schools regarding sexual assault."[21]

---

[15] *Id.* at ¶ 123.
[16] *Id.* at ¶ 126.
[17] *Id.* at ¶ 4
[18] *Id.* at ¶ 5.
[19] *Id.* at ¶ 133.
[20] *Id.* at ¶ 137.
[21] *Id.* at ¶ 138.

- "USHE had actual knowledge of a certain and obvious risk of sexual assault by athletes in particular at its member schools, given the regular data it receives, and the multiple federal investigations into member schools regarding sexual assault."[22]

- "USHE was on notice of a certain and obvious risk—that of its member students sexually harassing and assaulting other member students—since at least 2017 when multiple federal investigations into USHE member schools began."[23]

Plaintiff brings one claim against USHE: deliberate indifference under Title IX.[24]

## STANDARD

At the motion to dismiss stage, the court accepts as true "the well-pleaded ('that is, plausible, non-conclusory and non-speculative') facts alleged in the complaint."[25] The court views these facts in the light most favorable to the Plaintiff.[26] The complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."[27] The complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level."[28]

## ANALYSIS

Title IX provides, "No person in the United States shall, on the basis of sex, be excluded from participation in, be denied benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance."[29] "Sexual harassment is a

---

[22] *Id.* at ¶ 139.
[23] *Id.* at ¶ 156.
[24] *See id.* at ¶¶ 130–162.
[25] *XMission*, 955 F.3d at 836.
[26] *Safe Streets Alliance v. Hickenlooper*, 859 F.3d 865, 878 (10th Cir. 2017).
[27] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).
[28] *Id.*
[29] 20 U.S.C. § 1681(a).

form of discrimination on the basis of sex and is actionable under Title IX."[30] To state a valid claim of deliberate indifference under Title IX, Plaintiff must allege facts that make it plausible that USHE "(1) had actual knowledge of, and (2) was deliberately indifferent to (3) harassment that was so severe, pervasive and objectively offensive that it (4) deprived the victim of access to the educational benefits or opportunities provided by the school."[31] Title IX also limits this liability "to circumstances wherein the recipient exercises control over both the harasser and the context in which the known harassment occurs."[32]

USHE's motion is based solely on a failure to meet the first element of "actual knowledge." For liability under Title IX, an "appropriate person" of the recipient entity must have actual knowledge.[33] The Supreme Court has stated that an "appropriate person" is, "at a minimum, an official of the recipient entity with authority to take corrective action to end the discrimination."[34]

The Tenth Circuit has noted that actual notice can include "actual knowledge of a substantial risk" of harm to students.[35] If a recipient entity has knowledge of a perpetrator's prior similar bad acts, the actual knowledge standard can be met. In summary, actual knowledge can come through direct reporting to an appropriate person or actual knowledge of a substantial risk of harm based on prior complaints or wrongdoings of the perpetrator. The Amended Complaint fails to meet either of these standards.

---

[30] *Escue v. Northern Okla. Coll.*, 450 F.3d 1145, 1152 (10th Cir. 2006).
[31] *Murrell v. Sch. Dist. No. 1, Denver, Colo.*, 186 F.3d 1238, 1246 (10th Cir. 1999).
[32] *Id.*
[33] *Escue*, 450 F.3d at 1152.
[34] *Gebser v. Lago Vista Indep. Sch. Dist.*, 524 U.S. 274, 290 (1998).
[35] *See Escue*, 450 F.3d at 1154.

I. **PLAINTIFF HAS NOT ALLEGED SUFFICIENT FACTS THAT AN APPROPRIATE PERSON AT USHE HAD ACTUAL KNOWLEDGE OF HER ASSAULT.**

Plaintiff must allege sufficient facts that make it plausible that an appropriate person at USHE had actual knowledge of her assault.[36] To meet this standard, the Amended Complaint must plausibly allege two things: (1) someone at USHE had actual knowledge of her assault and (2) that person was an "appropriate person."[37] The Amended Complaint alleges that Plaintiff reported her assault to four groups of people: (1) hospital staff; (2) Christopher Forbush and Jerrica James from UVU's Title IX Office; (3) Erica Wood from the U of U's Title IX Office; and (4) Detective Sheperd from Unified Police Department.[38] There are no allegations that Plaintiff directly reported her assault to anyone at USHE or who the "appropriate person" at USHE might be.[39]

In her Opposition, Plaintiff argues that the Title IX Coordinators at UVU and the U of U are "appropriate persons" to obtain notice on behalf of USHE because these Title IX Coordinators act on behalf of USHE, are given authority by USHE, or otherwise act as agents or representatives of USHE.[40] Yet these arguments are unsupported by the allegations in the

---

[36] *See Escue*, 450 F.3d at 1152.
[37] *See also Ross v. Univ. of Tulsa*, 859 F.3d 1280, 1292 (10th Cir. 2017) (concluding that campus employees had learned of an assault but the employees were not "appropriate persons for purposes of Title IX").
[38] Amended Complaint at ¶¶ 94–96, 102–03, 120.
[39] *See generally*, Amended Complaint.
[40] *See* Plaintiff's Opposition at 4, ECF No. 30, filed May 9, 2022 ("Plaintiff reported the assault to USHE's member schools' Title IX Coordinators—*i.e.*, officers that act on behalf of USHE."), 6 ("USHE and the Board appointed and trained Title IX Coordinators to act on behalf of USHE and the board, and these people had authority to act on corrective measures."), 7 ("It goes without saying that the Title IX Coordinators were the appropriate person to report the assault to, as representatives of USHE and the Board."), 9 ("USHE and the Board created policies and appointed Title IX Coordinators to carry out their policies—to meet their obligations under Title IX. These Title IX Coordinators have the power and authority, as well as the obligation, to act on behalf of USHE and the Board—making the Title IX Coordinators more than just an agent of USHE or the Board but a part of USHE and the Board.").

Amended Complaint. In fact, there are no allegations in the Amended Complaint that aver or suggest that the Title IX Coordinators at the U of U and UVU are agents of USHE, appointed by USHE, or otherwise given authority to act on USHE's behalf.[41] A motion to dismiss tests the allegations of the complaint, not arguments made in briefing. Accordingly, the issue of whether the Title IX Coordinators were "appropriate persons" for any of the defendants, much less USHE in specific, is not before the court.[42]

Plaintiff correctly notes that because the role of various officials can vary among entities and organizations "deciding who exercises substantial control for the purposes of Title IX liability is necessarily a fact-based inquiry."[43] Plaintiff argues that dismissal would be premature here when further discovery is needed to determine what USHE may have known and who may have known.[44] Plaintiff is correct that the question of whether a particular employee is an appropriate person may require analysis based on facts developed in discovery and can be beyond what is required at the pleading stage under Rule 8. However, as discussed above, the Amended Complaint does not allege sufficient facts to make it plausible that the Title IX Coordinators are an "appropriate person" at USHE as there are no allegations connecting the two.

To be sure, Plaintiff has pled some facts that suggest means by which USHE might have become aware of the assault. For example, the Amended Complaint alleges that through "Plaintiff's written consent…, USHE was made aware of Plaintiff's particular assault allegations

---

[41] *See generally* Amended Complaint.
[42] Much of Plaintiff's Opposition relies on case law to support that the Title IX Coordinators were "appropriate persons" but fails to connect those arguments to USHE based on the allegations in the Amended Complaint.
[43] *Murrell*, 186 F.3d at 1247; Opposition at 9–11.
[44] *See* Opposition at 10.

as part of this larger investigation into sexual assault by U of U athletes in February of 2020."[45] Earlier, the Amended Complaint alleges that approximately four months after reporting her assault to the U of U's Title IX Coordinator, the same Coordinator reached out to Plaintiff about another reported sexual assault by a different football player.[46] Plaintiff responded to this inquiry by giving written consent to the U of U to "exchange information and coordinate with law enforcement concerning Plaintiff's rape."[47] Plaintiff also asked Detective Sheperd to "share all of her information" with the U of U's Title IX Coordinator.[48] So if the U of U's Title IX Coordinator is an "appropriate person" for USHE, the factual averments of the Amended Complaint are more than sufficient. As noted earlier, the Amended Complaint simply lacks sufficient factual averments linking the Title IX Coordinators to USHE, and briefing arguments cannot provide what the Amended Complaint does not contain.

In sum, the law requires that Plaintiff allege sufficient facts to make it plausible that an appropriate person at USHE had actual knowledge of her assault. Based on the allegations as currently stated in the Amended Complaint, Plaintiff has not done so.

## II. PLAINTIFF HAS NOT ALLEGED SUFFICIENT FACTS THAT USHE HAD ACTUAL KNOWLEDGE OF A SUBSTANTIAL RISK.

Plaintiff also briefly argues that USHE had actual knowledge of a substantial risk of abuse to students by its member schools' male athletes.[49] Plaintiff argues that officials "may receive actual knowledge through reports of sexually suggestive communications,

---

[45] Amended Complaint at ¶137.
[46] *Id.* at ¶¶ 123–125, 134.
[47] *Id.* at ¶ 135.
[48] *Id.* at ¶ 126.
[49] Opposition at 11.

uncorroborated complaints of inappropriate physical conduct with a student, or rumors of an employee's sexual conduct with students."[50] Plaintiff then argues that "USHE had actual notice of the sexual assault and the future risk of abuse by a specific group of people—the U [of U]'s male athletes."[51]

But each of the cases Plaintiff cites involved knowledge of a risk posed by a specific individual, not a large group.[52] None of the cases Plaintiff cites stands for the proposition that the standard is met by allegations of risk involving a numerous group like "male athletes at Utah colleges" generally or "male athletes at the U of U." Plaintiff has failed to identify any cases supporting the theory that generalized risks by large groups meet the "actual knowledge" standard as to an entity like USHE for Title IX purposes.

Finally, USHE requests that the court dismiss the Amended Complaint against it with prejudice. This request is denied for the reasons stated earlier, including the possibility that Plaintiff might have a good faith basis for asserting that the Title IX Coordinators act on behalf of USHE as set forth in its Opposition.[53] Additionally, since the Amended Complaint clearly avers that the assault was reported to the U of U and UVU, discovery involving the remaining defendants likely would reveal whether the assault was reported to an appropriate person at USHE. And Plaintiff might otherwise make clearer factual allegations about how an appropriate

---

[50] *Id.* (citing *Doe v. Defendant A*, No. 12-cv-392, 2012 WL 6694070 (N.D. Okla. Dec. 21, 2012).
[51] Opposition at 12; *see also* Amended Complaint at ¶¶ 138–39.
[52] *See* Opposition at 11–12; *Doe v. Sch. Admin. Dist. No. 19*, 66 F. Supp. 3d 57 (D. Me. 1999) (discussing notice of teacher's prior actions); *Doe A. v. Green*, 298 F. Supp. 2d. 1025 (D. Nev. 2004) (same); *Gordon v. Ottumwa Cmty. Sch. Dist.*, 115 F. Supp. 2d 1077 (S.D. Iowa 2000) (discussing notice of school employee's prior actions); *Doe v. Defendant A*, No. 12-CV-392, 2012 WL 6694070 (discussing notice of school counselor's prior actions).
[53] The court expresses no opinion on whether a good faith basis exists.

person at USHE was made aware of her assault. For these reasons, dismissal with prejudice is not warranted.

## ORDER

Based on the foregoing, Defendant USHE's Motion to Dismiss is GRANTED. The claim against USHE is dismissed without prejudice. Plaintiff is granted leave to file an Amended Complaint.

Dated July 28, 2022.

BY THE COURT:

_____
David Barlow
United States District Judge