THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| MARISSA ROOT,<br><br>Plaintiff,<br><br>v.<br><br>UNIVERSITY OF UTAH,<br><br>Defendants. | **ORDER GRANTING [67] DEFENDANT UNIVERSITY OF UTAH'S MOTION FOR SUMMARY JUDGMENT**<br><br>Case No. 2:21-cv-00744<br><br>District Judge David Barlow<br><br>Magistrate Judge Paul Kohler |

Before the court is Defendant University of Utah's ("University") Motion for Summary Judgment ("Motion").[1] Having reviewed the briefing and case law, the court concludes the Motion may be resolved without oral argument.[2] For the reasons stated herein, the Motion is GRANTED.

## BACKGROUND

In September 2019, Plaintiff was a student at Utah Valley University ("UVU").[3] While attending a party, Plaintiff was sexually assaulted by a football player for the University.[4] The party was located at the football player's parents' house, where he also resided at the time.[5]

---

[1] Def.'s Mot. for Summ. J. ("Mot."), ECF No. 67, filed August 30, 2024.
[2] *See* DUCivR 7-1(g).
[3] Marissa Root Dep. 14:6–23.
[4] *Id.*
[5] *Id.* at 23:13–24:11.

1

Plaintiff reported the fact that she was assaulted to the police, UVU's Title IX office, and the University's Title IX office—albeit in varying levels of detail, some of which are in dispute.[6]

Plaintiff brings one claim against the University: deliberate indifference under Title IX.[7] On August 30, 2024, the University moved for summary judgment.[8] On October 18, 2024, Plaintiff filed an Opposition.[9] On November 15, 2024, the University filed a Reply.[10]

## STANDARD

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[11] "[T]he moving party carries the initial burden of demonstrating a lack of genuine issue of material fact," and thereafter, "the burden shifts to the nonmoving party 'to set forth specific facts showing that there is a genuine issue for trial.'"[12] And when applying the Rule 56 standard, the court "view[s] the evidence and draw[s] reasonable inferences therefrom in the light most favorable to the nonmoving party."[13]

## ANALYSIS

Title IX provides, "No person in the United States shall, on the basis of sex, be excluded from participation in, be denied benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance."[14] "Sexual harassment is a form of discrimination on the basis of sex and is actionable under Title IX."[15] To state a valid

---

[6] Mot. 10–18.
[7] Second Amended Complaint ¶¶ 146–180, ECF No. 35, filed on August 24, 2022.
[8] ECF No. 67.
[9] Pl.'s Opp'n to Mot. ("Opp'n"), ECF No. 73.
[10] Def.'s Reply in Support of Mot. ("Reply"), ECF No. 79.
[11] Fed. R. Civ. P. 56(a).
[12] *Leone v. Owsley*, 810 F.3d 1149, 1153 (10th Cir. 2015).
[13] *Davidson v. Am. Online, Inc.*, 337 F.3d 1179, 1182 (10th Cir. 2003).
[14] 20 U.S.C. § 1681(a).
[15] *Escue v. Northern Okla. Coll.*, 450 F.3d 1145, 1152 (10th Cir. 2006).

claim of deliberate indifference under Title IX, Plaintiff must allege facts that make it plausible that the University "(1) had actual knowledge of, and (2) was deliberately indifferent to (3) harassment that was so severe, pervasive and objectively offensive that it (4) deprived the victim of access to the educational benefits or opportunities provided by the school."[16]

The University makes four arguments as to why summary judgment should be granted in its favor. First, the University did not have substantial control over the context of the off-campus harassment.[17] Second, Plaintiff is a non-student who is not sufficiently connected to the University.[18] Third, the University did not cause Plaintiff to suffer harassment or make her more vulnerable to future harassment.[19] And fourth, the University did not act deliberately indifferent to known harassment under the circumstances of this case.[20] Because the court finds the University's first argument sufficient to grant summary judgment, the court does not consider the University's remaining three arguments.

### I.    THE UNIVERSITY DID NOT HAVE SUBSTANTIAL CONTROL OVER THE OFF-CAMPUS HARASSMENT

Title IX liability is limited to "to circumstances wherein the recipient exercises control over both the harasser and the context in which the known harassment occurs."[21] In *Davis Next Friend of LaShonda D. v. Monroe County Board of Education*, the Supreme Court found that the Board had substantial control over the context in which the harassment occurred because it

---

[16] *Murrell v. Sch. Dist. No. 1, Denver, Colo.*, 186 F.3d 1238, 1246 (10th Cir. 1999).
[17] Mot. 31–35.
[18] Mot. 35–41.
[19] Mot. 42–45.
[20] Mot. 46–51.
[21] *Murrell*, 186 F.3d at 1246; *Davis Next Friend LaShonda D. v. Monroe Cnty. Bd. of Educ.*, 526 U.S. 629, 645 (1999).

occurred "during school hours and on school grounds—the bulk of [the assailant's] misconduct, in fact, took place in the classroom."[22]

Universities do not have "substantial control" over harassment that occurs off campus unless the school has a sufficient connection with the off-campus activity.[23] For example, in *Roe v. St. Louis University*,[24] the Eighth Circuit concluded that the university did not have sufficient control over an assault by one of its students because it occurred during a private party in an off-campus apartment.[25] In contrast, in *Weckhorst v. Kansas State University*,[26] the District of Kansas found that the school had sufficient control over an assault that took place at an off-campus fraternity house that was promoted and regulated by the university and subject to its disciplinary authority.[27] The court specifically distinguished parties at a "private apartment" at issue in *Roe*.[28] The Tenth Circuit affirmed.[29]

In line with these cases, the Tenth Circuit has instructed there "must be some nexus between the out-of-school conduct and the school" to find Title IX liability.[30] To determine whether there is a sufficient nexus between the off-campus conduct and the recipient, courts examine: whether the recipient owns or regulates the physical location, sponsors the event, or hosts or facilitates the program or activity.[31] In *Rost ex rel. K.C. v. Steamboat Springs RE-2 School District*,[32] the Tenth Circuit held that there was not a sufficient nexus between a high

---

[22] *Davis*, 526 US. at 646.
[23] *See Weckhorst v. Kansas State Univ.*, 241 F. Supp. 3d 1154, 1170 (D. Kan. 2017), *aff'd sub nom. Farmer v. Kansas State Univ.*, 918 F.3d 1094 (10th Cir. 2019).
[24] 746 F.3d 874 (8th Cir. 2014).
[25] *Id.* at 884.
[26] 241 F. Supp. 3d 1154 (D. Kan. 2017).
[27] *Id.* at 1168–71.
[28] *Id.*
[29] *Farmer v. Kansas State Univ.*, 918 F.3d 1094 (10th Cir. 2019).
[30] *Rost ex rel. K.C. v. Steamboat Springs RE-2 Sch. Dist.*, 511 F.3d 1114, 1122 n.1 (10th Cir. 2008).
[31] *Root v. Univ. of Utah*, No. 2:21-cv-00744-DBB-PK, 2023 WL 2346315, at *5 (D. Utah Mar. 3, 2023).
[32] *Rost*, 511 F.3d 1114.

school and harassment occurring almost entirely off high school grounds where "the only link to the school was an oblique and general reference to harassment or teasing on the school bus or in the halls at school," and threats to conduct further harassment at school.[33]

In this case, Plaintiff's harassment occurred off campus at the football player's parents' house. There is no record evidence that the party was sponsored by the University, was part of a University program, or was in any way connected to the University. The record would not permit a finding that the University had control over this off-campus, privately owned residence, or the party that occurred there. Nor did the University own the land or otherwise regulate the parents' home. Therefore, the court concludes that there is not a sufficient nexus between the University and the harassment at the football player's parents' residence to find Title IX liability.

Plaintiff argues that the University "had a nexus or special control over [the football player] and the football team's off-campus activities and environments through its policies."[34] Specifically, the 2019 Players Policy Manual included a date rape and social policy section and provides that every player must "Treat women with *Respect*."[35] Moreover, most, if not all, of the men at the party were said to be members of the football team.[36]

In support, Plaintiff primarily relies on *Simpson v. University of Colorado Boulder*,[37] in which the Tenth Circuit stated that the "[i]mplementation of an official policy can certainly be a circumstance in which the recipient exercises significant "control over the harasser and the environment in which the harassment occurs."[38] In *Simpson*, the sexual assaults stemmed from an official school program for recruiting high school football players and "were the natural,

---

[33] *Id.* at 1122 n.1.
[34] Opp'n 50.
[35] ECF No. 67-14.
[36] Opp'n 51.
[37] 500 F.3d 1170 (10th Cir. 2007).
[38] *Id.* at 1178.

5

perhaps inevitable, consequence of an officially sanctioned but unsupervised effort to show recruits a 'good time.'"[39] As this court summarized: "*Simpson* was about a university's official football recruiting efforts in which it 'sanctioned, supported, [and] even funded a program' in which it encouraged its own students to serve as university ambassadors and player-hosts to entertain and escort football recruits, all for the purpose of showing them a 'good time' and getting them to join the football team."[40]

This case is not like *Simpson*. In *Simpson*, the party itself stemmed from the official school program and was sanctioned by the school. In contrast, the University had no involvement or control over the party at the football player's parents' private residence. Additionally, reliance on the 2019 Players Policy Manual's general instruction that football players should treat women with respect both on and off campus does not mean that the University has control over the context of virtually every off-campus location in which one or more of its athletes attends a private party. Instead, Plaintiff's arguments effectively conflate control over the harasser with control over the context in which the known harassment occurs. Because this record does not supply the required nexus between the University and the off-campus party at a private residence, the University cannot be liable under Title IX.

---

[39] *Id.* at 1174–75.
[40] Order 14–15, ECF No. 49, filed on March 3, 2023.

## ORDER

Based on the foregoing, the University's Motion for Summary Judgment is GRANTED. The claim against the University is dismissed with prejudice.

Dated March 3, 2025.

BY THE COURT:

_____
David Barlow
United States District Judge